UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROGER AILES,<br><br>       Petitioner,<br><br>   v.<br><br>GRETCHEN CARLSON,<br><br>       Respondent. | No. _____<br><br>ECF Case |

## PETITION TO COMPEL ARBITRATION PURSUANT TO SECTION 4 OF THE FEDERAL ARBITRATION ACT

Petitioner Roger Ailes ("Petitioner" or "Mr. Ailes"), by and through his attorneys, Epstein Becker & Green, P.C., brings this Petition pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4 (the "Petition"), to compel the arbitration of the employment-related claims of Respondent Gretchen Carlson ("Respondent" or "Ms. Carlson") in accordance with the arbitration provision in her multi-million dollar Employment Agreement (the "Agreement") with Fox News Network, LLC ("Fox News"). For his Petition, Mr. Ailes alleges as follows:

### INTRODUCTION

1. Although Ms. Carlson's litigation against Mr. Ailes, Fox News' Chairman and Chief Executive Officer, began just nine days ago when she filed a Complaint against him in the Superior Court of New Jersey (the "Complaint"), this case already has a complicated procedural background because: (a) Ms. Carlson's lead counsel, a New Jersey attorney, filed the Complaint in New Jersey even though Ms. Carlson is a Greenwich, Connecticut resident, all of the alleged events in her pleading occurred at her place of employment in New York City, Mr. Ailes's primary residence is in New York, and she claimed no violation of New Jersey law; (b) Ms. Carlson sought to avoid arbitration of her claims by not making any claims against Fox News

FIRM:37696713v1

and suing only Mr. Ailes, but in the process disregarded the well-established law in the Second and Third Circuits holding that her claims against Mr. Ailes must be arbitrated as well; and (c) Ms. Carlson and her counsel – without any pre-suit communication with Mr. Ailes – simultaneously commenced a carefully orchestrated, negative publicity attack against Mr. Ailes in the media, which blatantly violated Ms. Carlson's Agreement.

2. Since July 6, 2016, the efforts of Ms. Carlson, her counsel, and her public relations team have spawned a myriad of stories about this case in the media, on-line and on television, including articles in *The New York Times, The Wall Street Journal, The Washington Post,* and *The New York Daily News,* among many others. In so doing, Ms. Carlson's lead counsel has made statements going well beyond the ambit of what might be protected by the litigation privilege. Ms. Carlson and her attorneys even posed for pictures in a front-page story in *The New York Times* where they again blasted Mr. Ailes. There is no legitimate reason for Ms. Carlson's strategy, particularly in light of the confidentiality provision in her Agreement. Rather, the goal of Ms. Carlson's entire campaign is obvious: besmirch Mr. Ailes's reputation so that he will pay her an exorbitant settlement.

## THE ARBITRATION AGREEMENT AND PROCEDURAL HISTORY

3. The arbitration provision in Ms. Carlson's Agreement states as follows:

> Any controversy, claim or dispute arising out of or relating to this Agreement or Performer's [Ms. Carlson's] employment shall be brought before a mutually selected three-member arbitration panel and held in New York City in accordance with the rules of the American Arbitration Association ["AAA"] then in effect. ... Such arbitration, all filings, evidence and testimony connected with the arbitration, and all relevant allegations and events leading up to the arbitration, shall be held in strict confidence. [*See* excerpts of Agreement attached as Exhibit A]

4. Completely disregarding this arbitration provision in her Agreement, Ms. Carlson filed her Complaint, a copy of which is attached as Exhibit B, in the Superior Court of New

Jersey, Bergen County, <u>not</u> claiming that Mr. Ailes violated any New Jersey law, but alleging that he violated the New York City Human Rights Law, N.Y.C. Adm. Code § 8-107 (the "NYCHRL"), which applies only to alleged discriminatory actions occurring in the five boroughs of New York City.

5. Ms. Carlson did not name Fox News as a defendant in her Complaint, but named only Mr. Ailes, who her Complaint acknowledges is Fox News' "Chairman and CEO." (*See* Exhibit B at ¶ 3). By naming only Mr. Ailes, Ms. Carlson obviously hoped to circumvent the arbitration provision in her Agreement – which requires the proceedings, filings, evidence and "all relevant allegations and events leading up to the arbitration" to be held in strict confidence – so that she could carry out her public attack on Mr. Ailes. Under Second Circuit and Third Circuit law, however, and as addressed in the accompanying Memorandum of Law, courts have uniformly held that an employee such as Ms. Carlson cannot evade an agreed-to arbitration clause in a contract with her employer by suing only an individual corporate officer in court.

6. Since there was no legitimate reason for Ms. Carlson to have brought her case in the Superior Court of New Jersey, on July 8, 2016, Mr. Ailes removed the case to the United States District Court for the District of New Jersey (the "New Jersey Federal Action"), based on diversity of citizenship, as Ms. Carlson resides in Connecticut while Mr. Ailes's primary residence is in New York. Also, on July 8, 2016, Mr. Ailes filed a motion in the District of New Jersey to compel the arbitration of Ms. Carlson's claims before a three-member panel of the AAA in New York City, as required by her Agreement.

7. Because this Court has the authority to compel arbitration in New York City under the Federal Arbitration Act (whereas the District Court of New Jersey might only possess the authority to compel arbitration in New Jersey), Mr. Ailes is today withdrawing the motion to

compel arbitration filed last Friday in the New Jersey Federal Action, and files his Petition with this Court pursuant to § 4 of the Federal Arbitration Act. The Petition requests this Court to order that Ms. Carlson's Complaint be arbitrated in New York City in accordance with the rules of the AAA. At the same time, Mr. Ailes is filing in the District Court in New Jersey, a motion to transfer the New Jersey Federal Action to this Court where it may be consolidated with this Petition or, in the alternative, staying the New Jersey Federal Action pending the disposition of this Petition.

## THE PARTIES

8. Petitioner Ailes is an individual with his principal residence in the State of New York, where he has residences in Garrison, New York and Manhattan, and therefore is a citizen of New York. He is the Chairman and Chief Executive Officer of Fox News.

9. Respondent Carlson is a Connecticut citizen who was employed by Fox News in Manhattan.

10. At all relevant times, Fox News employed Ms. Carlson at its headquarters in Manhattan. Moreover, the decision not to renew Ms. Carlson's Agreement and to end her employment relationship with Fox News was made in Manhattan.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the Petition pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists among the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as Ms. Carlson is seeking compensatory damages, including damages for lost compensation, damages to career path, damage to reputation, pain and suffering damages, and damages for mental anguish. At the time

FIRM:37696713v1

4

that her Agreement expired last month, Ms. Carlson's salary was in excess of $1 million annually.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) as Mr. Ailes is domiciled in New York.  Venue is also proper in the Southern District under 28 U.S.C. § 1391(b)(2) as the events of which Ms. Carlson complains are alleged to have occurred in Manhattan.  Finally, venue is proper in the Southern District because the written arbitration agreement provides for binding arbitration in New York, New York.

## FACTUAL ALLEGATIONS

13.     In June 2013, Ms. Carlson entered into her Agreement with Fox News.  It contains an arbitration provision which required her to arbitrate in New York City all claims arising out of or relating to her employment with Fox News.

14.     The Agreement expired on June 23, 2016, and Ms. Carlson's employment ended at that time.

15.     On July 6, 2016, Ms. Carlson filed a Complaint against Mr. Ailes in the Superior Court of New Jersey.

16.     On July 8, 2016, Mr. Ailes's counsel accepted service of the Summons and Complaint.  On the same day, Mr. Ailes removed the Complaint to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1446, based on the existence of diversity jurisdiction.

17.     The Complaint alleges that Mr. Ailes's conduct toward Ms. Carlson in the Fox News workplace during her employment violated the NYCHRL.  The single-count Complaint sets forth retaliation, discrimination and hostile environment employment claims under the NYCHRL.

18. The claims pleaded in the Complaint arise out of or are related to Ms. Carlson's employment with Fox News.

19. By the plain terms of the arbitration provision in the Agreement and applicable law, the claims in the Complaint must be brought before a mutually selected three-member arbitration panel and held in New York City in accordance with the rules of the AAA.

20. Because Ms. Carlson's claims should have been brought in arbitration, and venue in the District of New Jersey is not proper pursuant to 28 U.S.C. § 1391, Mr. Ailes is contemporaneously withdrawing his motion to compel arbitration pending in the United States District Court for the District of New Jersey and filing a motion to transfer the case pending there to this Court pursuant to 28 U.S.C. § 1406(a), to be consolidated with this Petition.

## FIRST CLAIM
### (Order Compelling Arbitration Pursuant to 9 U.S.C. § 4)

21. Petitioner Ailes repeats and realleges the allegations set forth in Paragraphs 1 through 20 above as if fully set forth herein.

22. The Agreement is a valid and enforceable contract.

23. Ms. Carlson voluntarily agreed to the terms of the Agreement, including the arbitration provision.

24. All of the claims brought by Ms. Carlson in the Complaint fall within the scope of the arbitration provision, which requires that any and all claims arising out of or relating to Ms. Carlson's employment at Fox News be decided by mandatory arbitration at the AAA in New York City.

25. Although Mr. Ailes is not a signatory of the Agreement, Ms. Carlson's claims in the Complaint must be arbitrated, as the Second Circuit Court of Appeals has held that an

employee cannot avoid an arbitration agreement with her employer with a tactical strategy of suing only an executive of that employer in court. The law in the Third Circuit is the same.

26. Ms. Carlson brought the Complaint in contravention of the arbitration provision of the Agreement.

27. Pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, this Court has authority to compel Respondent to arbitrate all claims brought in the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner Ailes demands judgment as follows:

1. That the Court issue an Order, pursuant to Section 4 of the Federal Arbitration Act, compelling the arbitration of all claims in the Complaint before a mutually selected three-member arbitration panel and held in New York City in accordance with the rules of the American Arbitration Association, as well as any and all other claims that could be brought against Mr. Ailes that arise out of or relate to Respondent's employment at Fox News.

2. That the Court grant any other relief in favor of Mr. Ailes that it deems just and proper.

Dated: July 15, 2016

Respectfully submitted,

EPSTEIN BECKER & GREEN, P.C.

/s/ David W. Garland
Ronald M. Green
David W. Garland
Barry Asen
250 Park Avenue
New York, New York 10177
Telephone: (212) 351-4500

QUINN EMANUEL URQUHART & SULLIVAN, LLP

John B. Quinn
(*pro hac vice* motion forthcoming)
Susan R. Estrich
(*pro hac vice* motion forthcoming)
James R. Asperger
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000

*Attorneys for Petitioner Roger Ailes*