UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROGER AILES,

   Petitioner,

v.

GRETCHEN CARLSON,

   Respondent.

No. _____

ECF Case

# PETITIONER ROGER AILES'S MEMORANDUM OF LAW
# IN SUPPORT OF HIS PETITION TO COMPEL ARBITRATION

| EPSTEIN BECKER & GREEN, P.C. | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
|---|---|
| /s/ David W. Garland<br>Ronald M. Green<br>David W. Garland<br>Barry Asen<br>250 Park Avenue<br>New York, New York 10177<br>Telephone: (212) 351-4500 | John B. Quinn (*pro hac vice* motion forthcoming)<br>Susan R. Estrich (*pro hac vice* motion forthcoming)<br>James R. Asperger<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017<br>Telephone: (213) 443-3000 |

*Attorneys for Petitioner Roger Ailes*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................................ ii

PRELIMINARY STATEMENT ...................................................................................................... 1

ARGUMENT

    THIS COURT SHOULD COMPEL ARBITRATION IN ACCORDANCE WITH
    MS. CARLSON'S EMPLOYMENT AGREEMENT AND SHOULD STAY ALL
    FURTHER JUDICIAL PROCEEDINGS. ........................................................................... 3

    A.   Federal Law Requires That Arbitration Provisions Be Enforced. ............................... 3

    B.   Ms. Carlson's Arbitration Agreement Is Both Applicable and Enforceable. .............. 4

CONCLUSION ............................................................................................................................... 6

FIRM:37652788v1

# TABLE OF AUTHORITIES

Page

## A. CASES

*AT&T Techs., Inc. v. Commc'ns Workers of America*, 475 U.S. 643 (1986) .................................. 4

*Bleumer v. Parkway Ins. Co.*, 277 N.J. Super. 378 (Law Div. 1994) ............................................. 5

*Campaniello Imports Ltd. v. Saporiti Italia S.p.A.*, 117 F. 3d 655 (2d Cir. 1997) ......................... 4

*Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001) ................................................................ 3

*Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213 (1985) .............................................................. 3

*Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991) ....................................................... 3

*Hirschfield Productions, Inc. v. Mirvish*, 218 A.D.2d 567 (1st Dep't 1995), *aff'd*,
    88 N.Y.2d 1054 (1996) ............................................................................................................. 5

*Marcus v. Frome*, 275 F. Supp. 2d 496 (S.D.N.Y. 2003) ............................................................... 4

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614 (1985) ......................... 3

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983) ............................ 3

*Pritzker v. Merrill Lynch, Pierce Fenner & Smith, Inc.*, 7 F.3d 1110 (3d Cir. 1993) .................... 5

*Roby v. Corp. of Lloyd's*, 996 F.2d 1353 (2d Cir. 1993) ............................................................ 4, 5

*Thomas v. Public Storage, Inc.*, 957 F. Supp. 2d 496 (S.D.N.Y. 2013) ......................................... 5

*Tracinda Corp. v. DailmerChrysler AG*, 502 F.3d 212 (3d Cir. 2007) .......................................... 5

## B. STATUTES

Federal Arbitration Act, 9 U.S.C. § 1 *et seq* .................................................................................. 3

New York City Human Rights Law, N.Y.C. Adm. Code § 8-107 .............................................. 1, 5

FIRM:37652788v1

## PRELIMINARY STATEMENT

In June 2013, Respondent Gretchen Carlson, a well-known cable television news anchor employed by the Fox News Network, LLC ("Fox News") in Manhattan, entered into a multi-million dollar, three-year employment agreement (the "Agreement") with Fox News that contained an arbitration provision. In pertinent part, the arbitration provision provides:

> Any controversy, claim or dispute arising out of or relating to this Agreement or Performer's [Ms. Carlson's] employment shall be brought before a mutually selected three-member arbitration panel and held in New York City in accordance with the rules of the American Arbitration Association ["AAA"] then in effect. ... Such arbitration, all filings, evidence and testimony connected with the arbitration, and all relevant allegations and events leading up to the arbitration, shall be held in strict confidence.

(*See* Exhibit A, page 12, attached to the accompanying Petition).

Ignoring the Agreement's binding arbitration provision, Ms. Carlson last week filed a Complaint in New Jersey Superior Court, Bergen County, asserting claims arising out of and relating to her employment at Fox News. The Complaint alleges that during her employment, Petitioner Roger Ailes, Fox News' Chairman and Chief Executive Officer, sexually harassed her, discriminated against her, and retaliated against her by not renewing her Agreement, purportedly because she had rebuffed his alleged advances and complained. The Complaint pleads only an alleged violation of the New York City Human Rights Law, N.Y.C. Adm. Code § 8-107 (not New Jersey law). (The Complaint is attached as Exhibit B to the Petition).[1]

Ms. Carlson not only improperly filed her public Complaint in the New Jersey Superior Court, as opposed to filing it with the AAA, she has repeatedly violated her confidentiality obligation so that she, her counsel, and their public relations firm (aptly-named Ripp Media) could vilify Mr. Ailes publicly, try this case in the newspapers, on-line and on television, and coerce him

---

[1] The Complaint was removed from New Jersey Superior Court to the District Court for the District of New Jersey based on diversity of citizenship. (*See* Petition ¶ 12)

1

to settle. Ms. Carlson's counsel has been on a non-stop tour of major media outlets ever since, making one non-privileged statement after another: articles quoting the Complaint and/or Ms. Carlson or her counsel's outrageous comments have appeared in *The New York Times*, *The Wall Street Journal*, *The Washington Post*, *The New York Daily News*, *People Magazine*, *Politico*, *Daily Beast*, *The Hollywood Reporter*, *New York Magazine*, among others. Moreover, as further evidence of Ms. Carlson's and her counsel's intentional violation of the Agreement's confidentiality provision, they did not reach out to Mr. Ailes before filing the Complaint in the Superior Court. Instead, they struck without warning and blasted their salacious allegations to the media immediately upon filing.

In a transparent attempt to evade the Agreement and her contractual commitment to arbitrate, Ms. Carlson named only Mr. Ailes as a defendant in her Superior Court action, rather than naming Fox News as well. At the same time, however, she could not avoid identifying Mr. Ailes in her Complaint by his corporate title, "the Chairman and CEO of Fox News." (*See* Petition Ex. B at ¶ 3). Such gamesmanship did not permit Ms. Carlson to ignore her contractual obligations, file in Superior Court, and publicly engage in a smear campaign against Mr. Ailes. Her lead counsel, an experienced New Jersey plaintiff-side employment lawyer, knows better. As addressed below, both Second Circuit and Third Circuit law squarely hold that an employee cannot avoid a binding arbitration agreement with her employer by merely naming her employer's corporate officer (such as Chairman and CEO Ailes) as the defendant.

For these reasons and those that follow, Petitioner Ailes respectfully requests that this Court compel the arbitration of Ms. Carlson's claims at the AAA in Manhattan pursuant to the explicit terms of the Agreement and stay all further proceedings in this Court.[2]

---

[2] Mr. Ailes's motion to compel arbitration filed in the U.S. District Court for the District of New Jersey has been withdrawn. Ms. Carlson had not responded to the motion at the time that it was withdrawn.

2

## ARGUMENT

## THIS COURT SHOULD COMPEL ARBITRATION IN ACCORDANCE WITH MS. CARLSON'S EMPLOYMENT AGREEMENT AND SHOULD STAY ALL FURTHER JUDICIAL PROCEEDINGS.

### A.  Federal Law Requires That Arbitration Provisions Be Enforced.

Section 2 of the Federal Arbitration Act, 9 U.S.C. § 2 (the "FAA"), states that a contract provision "evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24-25 (1991); *see Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 109 (2001).

The FAA, § 4, provides that a "party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition **any** United States district court, which save for such agreement, would have jurisdiction . . . for an order directing that such arbitration proceed in the manner provided for in such agreement."  (emphasis added)  *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 619 n.3 (1985).

The FAA further provides that when a party files a judicial complaint in violation of an agreement to arbitrate, a federal district court shall stay all judicial proceedings and direct the parties to proceed to arbitration. *Gilmer*, 500 U.S. at 25, citing 9 U.S.C. §§ 3 and 4; *see also Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 219 (1985).

The Supreme Court has long instructed that arbitration is strongly favored as a matter of policy and that any ambiguities in the scope of an arbitration clause should be resolved in favor of arbitration. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). Thus, a court must compel arbitration "unless it may be said with positive assurance that the

3

arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs., Inc. v. Commc'ns Workers of Amer.*, 475 U.S. 643, 650 (1986).

### B. Ms. Carlson's Arbitration Agreement Is Both Applicable and Enforceable.

The arbitration provision in the Agreement here expressly provides that "[a]ny controversy, claim or dispute arising out of or relating to this Agreement or Performer's [Ms. Carlson's] employment shall be brought before a mutually selected three-member arbitration panel and held in New York City in accordance with the American Arbitration Association then in effect." The language of the Agreement could not be clearer: the Complaint, which on its face involves claims arising out of and relating to Ms. Carlson's employment at Fox News, belongs at the AAA.

Courts uniformly reject Ms. Carlson's transparent tactical strategy of attempting to evade her arbitration agreement by arguing that only the employer, and not the employer's executive, signed the Agreement, and therefore the provision purported does not apply. For example, in *Roby v. Corp. of Lloyd's*, where the plaintiffs argued that the arbitration agreement was not enforceable because defendants' chairpersons were not parties to it, the Second Circuit rejected the argument and instructed:

> Courts in this and other circuits consistently have held that employees or disclosed agents of an entity that is a party to an arbitration agreement are protected by that agreement. ... **We believe that this [naming of the Chairs] is a distinction without a legal difference. ... If it were otherwise, it would be too easy to circumvent the agreements by naming individuals as defendants instead of the entity Agents themselves.**

*Roby*, 996 F.2d 1353, 1360 (2d Cir. 1993) (emphasis added); *see also Campaniello Imports Ltd. v. Saporiti Italia S.p.A.*, 117 F. 3d 655, 668-69 (2d Cir. 1997); *Marcus v. Frome*, 275 F. Supp. 2d 496,

4

504-05 (S.D.N.Y. 2003).[3] Naming Chairman and CEO Ailes as a defendant, and not Fox News, is precisely such a "distinction without a difference."

The Third Circuit shares the Second Circuit's view. It has directed that "[b]ecause a principal is bound under the terms of a valid arbitration clause, its agents, employees, and representatives are also covered under the terms of such agreements." *Pritzker v. Merrill Lynch, Pierce Fenner & Smith, Inc.*, 7 F.3d 1110, 1121-22 (3d Cir. 1993) (affirming the District Court's decision to compel arbitration). More recently, the Third Circuit reaffirmed its holding in *Pritzker*, stating: "The *Pritzker* rule – that nonsignatory agents may invoke a valid arbitration agreement entered into by their principal – is well-settled and supported by other decisions of this Court." *Tracinda Corp. v. DailmerChrysler AG*, 502 F.3d 212, 224 (3d Cir. 2007).

Likewise, the New York and New Jersey state courts reject the tactic of attempting to avoid arbitration by suing a corporate officer, instead of the corporation itself. In New York, as the Appellate Division, First Department explained and the New York Court of Appeals affirmed, the "attempt to distinguish officer and directors from the corporation they represent for the purposes of evading an arbitration provision is contrary to the established policy of this State." *Hirschfield Productions, Inc. v. Mirvish*, 218 A.D.2d 567, 568 (1st Dep't 1995), *aff'd*, 88 N.Y.2d 1054, 1056 (1996). And in *Bleumer v. Parkway Ins. Co.*, 277 N.J. Super. 378, 408-13 (Law Div. 1994), the plaintiff argued that he should be permitted to sue his employer's chief financial officer in court because the chief financial officer was not a signatory to his arbitration agreement with his employer. Relying on *Pritzker* and *Roby*, the New Jersey court granted the defendants' motion to compel arbitration and stayed any further proceedings in court. *Id.* at 413.

---

[3] Complaints asserting violations of the New York City Human Rights Law, which are subject to arbitration agreements, but are filed in court, are uniformly compelled to arbitration. *See, e.g., Thomas v. Public Storage, Inc.*, 957 F. Supp. 2d 496, 497 (S.D.N.Y. 2013).

FIRM:37652788v1

In sum, Ms. Carlson's ploy of filing against Mr. Ailes alone in the Superior Court of New Jersey to justify her shameless publicity campaign should not be countenanced. All applicable law requires that the Complaint be compelled to arbitration.

## CONCLUSION

Ms. Carlson's attempt to game the system so as to avoid the arbitration provision for her completely baseless allegations is contrary to law and unsupported by the facts. The arbitration provision in the Agreement required Ms. Carlson to file her Complaint, which squarely relates to her employment at Fox News, with the AAA in New York City. There is no legal basis upon which she can rightfully assert that she was entitled to sue Petitioner Ailes in court and sully his reputation in public. Mr. Ailes's Petition to compel arbitration and stay all judicial proceedings should be granted in all respects.

Dated: July 15, 2016

Respectfully submitted,

| EPSTEIN BECKER & GREEN, P.C. | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
|---|---|
| /s/ David W. Garland<br>Ronald M. Green<br>David W. Garland<br>Barry Asen<br>250 Park Avenue<br>New York, New York 10177<br>Telephone: (212) 351-4500 | John B. Quinn (*pro hac vice* motion forthcoming)<br>Susan R. Estrich (*pro hac vice* motion forthcoming)<br>James R. Asperger<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017<br>Telephone: (213) 443-3000 |

*Attorneys for Petitioner Roger Ailes*